UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – FLINT

IN RE:

FREDERICK J. PERAKOVIC and Case No. 12-33929-dof
CATHERINE M. PERAKOVIC, Chapter 7 Proceeding
 Honorable Daniel S. Opperman

 Debtors.
_____/

MICHAEL A. MASON, TRUSTEE,

 Plaintiff,

v. Adv. Pro. No. 13-03082-dof

ANOTHONY T. PERAKOVIC and
LINDA R. PERAKOVIC,

 Defendants.
_____/

## OPINION GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

I. Procedural Background and Facts

On September 28, 2012, Frederick and Catherine Perakovic ("Debtors") filed a Chapter 7 bankruptcy petition. On that day, the Debtors held a fee simple interest in real property located at 6399 E. Pierson Rd., Flint, Michigan (the "Property"). Previously, on April 18, 2012, the Debtors executed a note payable to Anthony and Linda Perakovic ("Defendants") in the amount of $35,000.00 (the "Note") and a mortgage (the "Mortgage") on the Property in favor of the Defendants securing the obligation represented in the Note. The Defendants failed to record the Mortgage prior to the petition date.

1

The Debtors listed the Property on their Schedule A, indicating that the property had a value of $37,000.00 and a secured claim against it in the amount of $35,000.00. On their Schedule D, the Debtors listed the Defendants as the holders of the secured claim on the Property.

On March 7, 2013, Michael Mason ("Plaintiff"), the Chapter 7 Trustee, filed an Adversary Complaint against the Defendants seeking to avoid the transfer of the Mortgage pursuant to 11 U.S.C. § 547(b) and § 544. The Defendants filed an Answer to the Complaint on April 2, 2013. On April 10, 2013, the Plaintiff filed Trustee's First Set of Interrogatories, Request for Production of Documents, and Request for Admissions. On that same date, the Plaintiff filed a Certificate of Service indicating that the document had been served on the Defendants and their counsel, David Brown, on April 10, 2013.

On May 16, 2013, the Plaintiff filed a Motion for Summary Judgment. The Plaintiff argues that he is entitled to summary judgment in his favor on both the § 547(b) and § 544 counts of the Complaint because (1) the Defendants failed to respond to the Plaintiff's Requests for Admissions; (2) as a result of that failure, the Defendants are deemed to have admitted all of the allegations contained in the Plaintiff's Requests for Admissions pursuant to Federal Rule of Civil Procedure 36(a)(3), incorporated in this adversary proceeding by Federal Rule of Bankruptcy Procedure 7036; (3) the allegations contained in the Requests for Admissions, having been deemed admitted, establish all of the elements of the Plaintiff's claims under § 547(b) and § 544 and there are no remaining questions of fact that would preclude the Court from granting summary judgment on both counts. On June 3, 2013, the Defendants filed a Response to Plaintiff's Motion for Summary Judgment, stating, in its entirety:

**NOW COMES** [sic] Defendants Anthony T. Perakovic and Linda R. Perakovic, by and through their attorney, David W. Brown, and for their answer to Trustee's Motion for summary Judgment, hereby states as follows:

1. In answer to Paragraph 1 of Trustee's complaint, Defendants deny the allegations contained therein.

**WHEREFORE**, the Defendants request that Trustee's motion be denied.

The Defendants failed to attach a brief to their Response and have provided nothing else in response to the Plaintiff's Motion for Summary Judgment. The Defendants also failed to provide any explanation or excuse for their failure to respond to the Plaintiff's Requests for Admissions. The Court set the matter for hearing on July 10, 2013 at 11:00 a.m.

Having reviewed the docket and the pleadings in this matter, the Court concludes that it is unnecessary to proceed with the scheduled hearing and, for the reasons stated herein, the Plaintiff's Motion for Summary Judgment is granted.

## II. Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(F) (proceedings to determine, avoid, or recover preferences) and (K) (determinations of the validity, extent, or priority of liens).

The issues before the Court arise from Title 11 of the United States Code and are therefore within this Court's jurisdiction pursuant to *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and *Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

## III. Discussion

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56 is made applicable in its entirety to bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Federal Rule of

Bankruptcy Procedure 7056(c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Choate v. Landis Tool Co.*, 46 F. Supp. 774 (E.D. Mich. 1980). The moving party bears the burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986)). The burden then shifts to the nonmoving party once the moving party has met its burden, and the nonmoving party must then establish that a genuine issue of material fact does indeed exist. *Janda v. Riley-Meggs Industries, Inc.*, 764 F. Supp 1223, 1227 (E.D. Mich. 1991).

## B. Fed. R. Civ. P. 36(a)(3) and Fed. R. Bankr. P. 7036

Federal Rule of Civil Procedure 36(a)(3), incorporated in this adversary proceeding by Federal Rule of Bankruptcy Procedure 7036, states that a matter is admitted unless, within 30 days after being served, the party to whom the request is directed signs and serves a written answer or objection. On April 10, 2013, the Plaintiff served Requests for Admissions upon the Defendants. The Defendants did not file a timely answer, nor any answer, to the Plaintiff's Requests for Admissions. Therefore, pursuant to Federal Rule of Civil Procedure 36(a)(3), the Defendants are deemed to have admitted the facts that are the subject of the Plaintiff's Requests for Admissions.

Based on their failure to answer the Plaintiff's Requests for Admissions, the Defendants are deemed to have admitted the facts contained in the following Requests for Admissions:

4

REQUEST FOR ADMISSION NO. 1: Admit that the transfer of the Mortgage to you allows you to receive more than you would have recovered in a Chapter 7 distribution had the Mortgage not been transferred to you.

REQUEST FOR ADMISSION NO. 2: Admit that the transfer of the Mortgage to [sic] was on account of the Note.

REQUEST FOR ADMISSIONS NO. 3: Admit that you are the current holder of the Mortgage.

REQUEST FOR ADMISSIONS NO. 4: Admit that the balance on the Note was $35,000.00 on the Petition Date.

REQUEST FOR ADMISSIONS NO. 5: Admit that the Property is located in the county of Genesee.

REQUEST FOR ADMISSIONS NO. 6: Admit that no public notice of the Mortgage or your interest in the Property as disclosed by the records of the Genesee County Register of Deeds existed on the Petition Date.

REQUEST FOR ADMISSIONS NO. 7: Admit that the Debtor was insolvent on the Petition Date.

REQUEST FOR ADMISSIONS NO. 8: Admit that the transfer of the Mortgage as defined in 11 U.S.C. 547(e)(2) is deemed to have occurred immediately prior to the Petition Date.

REQUEST FOR ADMISSIONS NO. 9: Admit that the transfer of the Mortgage to you was made while the Debtor was insolvent.

REQUEST FOR ADMISSIONS NO. 10: Admit that the transfer of the Mortgage as defined in 11 U.S.C. § 547(e) occurred within 90 days of the Petition Date.

REQUEST FOR ADMISSIONS NO. 11: Admit that the Trustee has satisfied all elements under 11 U.S.C. § 547(b) required to avoid the Mortgage as a preference.

REQUEST FOR ADMISSIONS NO. 12: Admit that on the Petition Date, a bona fide purchaser of the Property that has perfected its transfer would obtain an interest in the Property that is not subject to the Mortgage or such purchaser may otherwise defeat such Mortgage.

REQUEST FOR ADMISSIONS NO. 13: Admit that you have no defense to the Complaint as set forth in 11 U.S.C. § 547(c).

REQUEST FOR ADMISSIONS NO. 14: Admit that you were owed monies pursuant to the Note immediately prior to and on the Petition Date.

### C. 11 U.S.C. § 547(b)

As noted, the Plaintiff argues that the Mortgage is avoidable pursuant to Section 547(b), which states:

> (b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
>
>     (1) to or for the benefit of a creditor;
>
>     (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
>     (3) made while the debtor was insolvent;
>
>     (4) made--
>         (A) on or within 90 days before the date of the filing of the petition; or
>         (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>
>     (5) that enables such creditor to receive more than such creditor would receive if--
>         (A) the case were a case under chapter 7 of this title;
>         (B) the transfer had not been made; and
>         (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

It is uncontested that the Mortgage was a transfer of an interest of the Debtors' property. The Defendants admitted that fact in their Answer to the Complaint, paragraph 12.

The first element – that the transfer of the Mortgage was made to or for the benefit of a creditor – has been met. The facts establishing that element have been deemed admitted by the Defendants due to their failure to respond to Plaintiff's Requests for Admissions No. 2, 8, 10, 11, and 14.

The second element – that the transfer was made for or on account of an antecedent debt owed by the debtor before such transfer was made – has been met. The facts establishing that element have been deemed admitted by the Defendants due to their failure to respond to Plaintiff's Requests for Admissions No. 2, 8, 11, and 14.

Pursuant to 11 U.S.C. § 547(e)(2)(C), "a transfer is made – (C) immediately before the date of the filing of the petition, if such transfer is not perfected at the later of – (i) the commencement of the case; or (ii) 30 days after such transfer takes effect between the transferor and the transferee." Pursuant to 11 U.S.C. § 547(e)(1)(A), "a transfer of real property . . . is perfected when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee[.]" Because the Mortgage was not perfected prior to the petition date, the transfer is deemed to have occurred immediately before the date of the filing of the petition. The Note, which created the obligation owed by the Debtors to the Defendants, was executed on April 18, 2012, over five months prior to the transfer of the Mortgage pursuant to § 547(e)(2)(C). Accordingly, the obligation of the Debtors to the Defendants arose prior to the transfer of the Mortgage, and thus, such constitutes an antecedent debt.

The third element – that the transfer was made while the debtor was insolvent – has been met. The facts establishing that element have been deemed admitted by the Defendants due to their failure to respond to Plaintiff's Requests for Admissions No. 9 and 11.

The fourth element – that the transfer was made on or within 90 days before the date of the filing of the petition – has been met. As discussed earlier, the transfer is deemed to have occurred immediately prior to the petition date pursuant to § 547(e)(2)(C). Additionally, the

facts establishing that element have been deemed admitted by the Defendants due to their failure to respond to Plaintiff's Requests for Admissions No. 8 and 11.

The fifth element – that the transfer enabled the Defendants to receive more than they would have received under a Chapter 7 distribution had the transfer not been made – has been met. In this case, the Defendants would be unsecured creditors but for the transfer. Absent evidence that the unsecured creditors of the estate will receive a dividend of 100%, this element has been satisfied. Pursuant to the affidavit filed by the Plaintiff, unsecured creditors will not receive a 100% distribution in this case. Additionally, the facts establishing that element have been deemed admitted by the Defendants due to their failure to respond to Plaintiff's Requests for Admissions No. 1 and 11.

Accordingly, there are no remaining issues of genuine fact and the Plaintiff is entitled to summary judgment in his favor as the § 547(b) count of the Complaint.

### D. 11 U.S.C. § 544(a)(3)

11 U.S.C. § 544(a)(3) provides:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

It is well established that state law determines the extent of the trustee's rights under § 544(a). *Simon v. Chase Manhattan Bank* (*In re Zaptocky*), 232 B.R. 76, 79 (6th Cir. BAP 1999) (citing *Owen–Ames–Kimball Co. v. Mich. Lithographing Co.* (*In re Mich. Lithographing Co.*),

997 F.2d 1158, 1159 (6th Cir.1993) ("State law governs who may be a bona fide purchaser.")), *aff'd,* 250 F.3d 1020 (6th Cir.2001).

Under Michigan law a bona fide purchaser for value takes free of prior unrecorded interests. MCL § 565.29. A bona fide purchaser is one who takes for value and without notice or knowledge of an adverse interest. *See, e.g. Hudson v. O. & A. Elec. Co–Operative, Inc.,* 332 Mich. 713, 52 N.W.2d 565, 567 (1952).

The facts establishing the elements of this count have been deemed admitted by the Defendants due to their failure to respond to Plaintiff's Requests for Admissions No. 5, 6, and 12. The Mortgage was not recorded when the Debtors' bankruptcy petition was filed. The Defendants have not made any argument that the Plaintiff does not constitute a bona fide purchaser for value without notice or knowledge of an adverse interest. Accordingly, the Mortgage is avoided pursuant to § 544(a)(3).

## IV. Conclusion

Given the Defendants' failure to answer or respond to Plaintiff's Requests for Admissions and failure to provide a substantive Reply to Plaintiff's Motion for Summary Judgment, the Court concludes that it is unnecessary to proceed with the scheduled hearing and, for the reasons stated herein, the Plaintiff's Motion for Summary Judgment is granted.

Counsel for the Plaintiff is directed to prepare and submit an order consistent with this Opinion and the procedural rules of this Court.

**Signed on July 03, 2013**

                                                   /s/ Daniel S. Opperman
                                                       **Daniel S. Opperman**

United States Bankruptcy Judge